IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

           Plaintiff,

v.                                    CRIMINAL ACTION NO. 2:06-cr-55-6

LAMONT GREEN,

           Defendant.

**MEMORANDUM OPINION AND JUDGMENT ORDER**

Pending before the Court is a *sua sponte* motion, brought pursuant to 18 U.S.C. § 3582(c)(2), to reduce Defendant's sentence based on a subsequent reduction in the applicable sentencing guideline. On November 1, 2007, the United States Sentencing Guidelines were amended to reduce by two levels the guidelines in Section 2D1.1 for cocaine base (also known as crack). Subsequently, the Sentencing Commission amended Section 1B1.10 to make the crack amendment retroactive, effective March 3, 2008. Pursuant to a Standing Order entered on February 6, 2008, this case was designated for Standard consideration.

The Court has received and considered the original Presentence Investigation Report (PSI), original Judgment and Commitment Order and Statement of Reasons, plea agreement, and addendum to the PSI from the Probation Office, and received any materials submitted by the parties on this issue. The Court has also considered the applicable factors under 18 U.S.C. § 3553(a), consistent with § 3582(c)(2), and public safety.

In the defendant's plea agreement, he stipulated that the amount of cocaine base relevant to his case was at least 50 grams, but less than 150 grams. Based on this drug amount, and based on

an adjustment for the defendant's role in the offense and his acceptance of responsibility, the Court found that the defendant's base offense level was 27. The court also found that the defendant had a criminal history category of IV. Consequently, the defendant's original guideline range was 100 to 125 months. Based on a motion for substantial assistance, the Court reduced the defendant's total offense level to 19. The imprisonment range for criminal history category IV and offense level 19 was 46-57 months imprisonment. The defendant was sentenced to 52 months imprisonment.

The United States has indicated that it does not object to a two-level reduction in the defendant's sentence. Consequently, the Court **ORDERS** that the defendant's base offense level be reduced by two levels, resulting in a new total offense level of 17 and a guideline range of 37 to 46 months. It is further **ORDERED** that Defendant's previous sentence be reduced to a period of **43.7** months, with credit for time served to date pursuant to U.S.S.G. 1B1.10(b)(2)(C).

The defendant argues that "[u]der the terms of the Standing Order entered February 6, 2008, those individuals subject to the expedited procedure receive a two level reduction and are sentenced at the bottom of the new guideline range" and that this procedure should be applied here and the defendant sentenced to 37 months imprisonment. The court rejects this argument. First, this case proceeded pursuant to the standard procedure, not the expedited procedure. Second, the Standing Order does not require a judge to grant a particular reduction, whether a case proceeds via the expedited or the standard procedure.

The Court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, the Federal Bureau of Prisons and the United States Marshals.

ENTER:	March 24, 2008

_____
Joseph R. Goodwin, Chief Judge